UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEITH WILLIAM JETER,

   Plaintiff,

  v.          Case No. 25-cv-930-bhl

MILWAUKEE COUNTY JAIL,

   Defendant.

## DECISION AND ORDER

   Plaintiff Keith William Jeter, a Wisconsin state prisoner who is representing himself, filed this lawsuit under 42 U.S.C. §1983, along with a motion for leave to proceed without prepayment of the filing fee under 28 U.S.C. §1915.  Dkt. Nos. 1-2.  This is the sixth lawsuit Jeter has filed this year.  *See Jeter v. Barada Property Management*, Case No. 25-cv-197-bhl; *see Jeter v. Milwaukee County Jail*, Case No. 25-cv-205-bhl; *see Jeter v. Milwaukee Police Department, et al.*, Case No. 25-cv-362-bhl; *see Jeter v. Milwaukee County Jail*, Case No. 25-cv-717-bhl; *see Jeter v. Milwaukee County Jail*, Case No. 25-cv-925-bhl; and *see Jeter v. Milwaukee County Jail*, Case No. 25-cv-930-bhl.

   On June 30, 2025, the Clerk directed Jeter to submit his six-month certified trust account statement.  Dkt. No. 3.  Rather than submitting the trust account statement, Jeter filed a motion to defer filing fee payments by four months. Dkt. No. 6.  He explains that his uncle has been funding his various lawsuits and he needs more time to pay for this lawsuit.  *Id*.  The Court will deny the motion for two reasons.

   First, every lawsuit Jeter files requires the Court's attention.  Like all other litigants, it is Jeter's responsibility to manage his limited resources so that he can not only pay for his lawsuits,

but also to move his lawsuits towards resolution in a timely manner. It is not the Court's responsibility to continue monitoring lawsuits that Jeter cannot pay for, and Jeter's inability to pay for all of the lawsuits he wishes to file is not the Court's burden to bear.

Second, the last three lawsuits Jeter filed—*Jeter v. Milwaukee County Jail*, Case No. 25-cv-717-bhl; *Jeter v. Milwaukee County Jail*, Case No. 25-cv-925-bhl; and *Jeter v. Milwaukee County Jail*, Case No. 25-cv-930-bhl—all involve one single incident of violating "DOC 350 rights." In this lawsuit, Jeter alleges that, on May 4, 2025, he was not given his one hour of recreation time, as required by Wis. Admin. Code §DOC 350.33(3) ("When and where available, at least one hour of daily exercise and recreation is outside the cell or outdoors"). Dkt. No. 1. The other two lawsuits he filed involved the same thing happening on April 19, 2025 (25-cv-717-bhl) and on May 11, 2025 (25-cv-925-bhl). A one-time violation of prison policy does not violate the constitution. *See Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020); *see also Torres v. Milwaukee Cnty. Jail*, No. 14-cv-1454, 2015 WL 3872325, at *2 (E.D. Wis. June 22, 2015) (holding that a complaint alleging a five-day lockdown during which a pretrial detainee remained in his cell 24 hours a day failed to state a claim); *see also Gilmore v. Anderson,* No. 22-2989, 2023 WL 4118577, at *2 (7th Cir. June 22, 2023) ("Regardless, [Plaintiff's] core allegation that he periodically spent two days in his cell [without recreation time] does not approach the kind of objectively severe condition that supports a constitutional claim."). Jeter may have a constitutional claim based on *multiple* instances of the failure to provide inmates with their one hour of recreation time for an extended period of time. *Antonelli v. Sheahan,* 81 F.3d 1422, 1432 (7th Cir. 1996). But Jeter should amend his complaint in 25-cv-717-bhl to state that claim. He should not (and cannot) bring a separate lawsuit each time he is denied his one hour of recreation time at the jail. Therefore, the Court will dismiss this lawsuit without prejudice based on his failure to pay. Jeter is also advised that he may voluntarily dismiss 25-cv-925-bhl to avoid the possibility of incurring

a "strike" under 28 U.S.C. §1915(g) for filing a lawsuit that fails to state a claim upon which relief can be granted.

**IT IS THEREFORE ORDERED** that Jeter's motion to defer filing fee payment for four months (Dkt. No. 6) is **DENIED**; and this case is **DISMISSED without prejudice** based on his failure to pay the filing fee. The Clerk shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Jeter's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Jeter must pay the $350 statutory filing fee. Accordingly, the agency having custody of Jeter shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Jeter's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Jeter is transferred to another institution, the transferring institution shall forward a copy of this Order along with Jeter's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Milwaukee County Sheriff and to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

Dated at Milwaukee, Wisconsin on July 17, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge